```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

J. RAE HOYER,

               Plaintiff,

vs.                              Case No. 2:04-cv-211-FtM-29SPC

DON HUNTER,

               Defendant.
_____

## ORDER

     This matter comes before the Court on plaintiff's Motion to Tax Costs (Doc. #78), filed on June 3, 2005. Defendant filed a Memorandum in Opposition (Doc. #79) on June 14, 2005.

    The Court granted plaintiff's oral motion to dismiss the federal civil rights claim (§1983) (Doc. #54) and retained jurisdiction over the remaining state claim (wrongful death) for purposes of trial (Doc. #57). On May 10, 2005, the jury rendered a verdict in favor of plaintiff in the sum of $1,325,130.00 finding defendant was 50% the legal cause of death of plaintiff. An agreed upon Judgment in Civil Case (Doc. #76) was entered on May 16, 2005. The Court finds that plaintiff is a prevailing party for the purposes of Fed. R. Civ. P. 54 and this issue is not disputed. See Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., Ltd., 254 F.3d 987, 1012 (11th Cir. 2001)(quoting Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)).

Under Fed. R. Civ. P. 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. <u>Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.</u>, 249 F.3d 1293, 1296 (11th Cir. 2001). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987). These include the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;. . . .

28 U.S.C. § 1920. Plaintiff seeks costs for depositions, expert witnesses, demonstrative aids, additional court report fees/transcripts, the filing fee, service of process, witness fees, and "trial communications."

**A. Depositions and Court Reporter Fees**:

Taxation of deposition costs is authorized by § 1920(2) if the deposition was wholly or partially necessarily obtained for use in

the case, including a summary judgment motion. <u>United States EEOC v. W&O, Inc.</u>, 213 F.3d 600, 620-22 (11th Cir. 2000). Vicki Freeman, Rae Hoyer, Chief Greg Smith, Diane Allenbaugh, Dr. Karl Seig, Ralph Centalonza, Scott Salley, Beth Hansen, and Dr. Marta Coburn all appeared as witnesses at trial or otherwise had portions of their depositions read. The Court finds that the depositions were necessarily obtained for use in the case and the costs will be taxed. The Court, however, finds that the following depositions and court reporter costs should not be allowed because plaintiff has failed to demonstrate how they were necessary: Bonnie Fredeen, Laura Elsworth, Doug Marshall, Michael Chauncey, Shaun George, Adrian Ayers, and Ralph Wilkerson. The Court also finds that the transcripts of trial, the transcript of tapes, and the February 10, 2003, hearing should be eliminated. Therefore, the Court will tax **$2,880.94.**

**B. Expert Witnesses and Witness Fees:**

Under 28 U.S.C. § 1821(b), a witness attending court or a deposition shall be paid a $40.00 attendance fee plus travel expenses. This $40.00 is a maximum amount per witness, including expert witnesses. <u>Artisan Contractors Assoc. of Am. v. Frontier Ins. Co.</u>, 275 F.3d 1038, 1040 (11th Cir. 2001); <u>Morrison v. Reichhold Chems., Inc.</u>, 97 F.3d 460, 463 (11th Cir. 1996); <u>Cronin v. Washington Nat'l Ins. Co.</u>, 980 F.2d 663, 672 (11th Cir. 1993). Plaintiff asks for a considerable amount of expenses for expert

witnesses.  The travel expenses would be allowable, however, plaintiff has failed to specify or provide supporting receipts for expenses incurred.  Therefore, the requests will be denied.

The Court finds that the witness fees are due to be granted in part.  The Court will allow $40 each for Bernard Pettingill and Dr. Karl Sieg.  The Court will also allow a reduced witness fee of $40 for Beth Hansen (two appearances), Ralph Centalanza, Vicki Freeman, and Yolanda Gonzales.  The Court will tax costs in the amount of **$280.00** for witnesses.

**C.  Demonstrative Aids or Copying Costs:**

Under 28 U.S.C. § 1920(4), only costs for "copies of papers necessarily obtained for use in the case" may be taxed. Photographs are considered copies for the purposes of § 1920. Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc., 249 F.3d at 1296.  "Charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable." Maris Distrib. Co. v. Anheuser-Busch, Inc., 2001 WL 862642, *4 (M.D. Fla. 2001)(citing Goodwall Constr. Co. v. Beers, 824 F. Supp. 1044, 1065 (N.D. Ga. 1992)).  This may include demonstrative aids, however, plaintiff has failed to indicate what the exhibits and "visual evidence" consisted of and why they were necessarily obtained for use in the case.  Therefore, the request will be denied.  The Court will also eliminate the request for

"trial communications" as it is unclear whether it consists of attorney services (fees) or some form of exhibits.

**D. Service of Process Fees:**

Costs incurred as a result of private process servers may be taxed under 28 U.S.C. § 1920(1), so long as the amount does not exceed the statutory limit. <u>United States EEOC v. W&O, Inc.</u>, 213 F.3d at 624. Under 28 C.F.R. § 0.114, the United States Marshal charges $45.00 per hour for each item served personally. The Court finds that the requests all meet the statutory requirements[1] and should be allowed, except that the request for $120.00 incurred on January 13, 2005, will be eliminated as duplicate service. Therefore, the Court will tax **$660.00**.

**E. Filing Fee:**

As the filing fee is a allowable cost under §1920, the Court will tax the **$91.50** state court filing fee. <u>See also</u> 28 U.S.C. § 1914; <u>Zunde v. Int'l Paper Co.</u>, 982 F. Supp. 1456 (M.D. Fla. 2000); <u>Royal Palace Hotel Assocs., Inc. v. Int'l Resort Classics, Inc.</u>, 178 F.R.D. 595 (M.D. Fla. 1998).

Accordingly, it is now

**ORDERED:**

---

[1]Although service of process for Steve Iverson was $50.00, the Court will allow the total amount requested since the cost of service on others was well below the statutory limit.

1. Plaintiff's Motion to Tax Costs (Doc. #78) is **GRANTED IN PART AND DENIED IN PART** and the Court finds that plaintiff is entitled to $3,912.44 in costs.

2. The Clerk shall enter an Amended Judgment adding that plaintiff is entitled to **$3,912.44** in taxable costs.

**DONE AND ORDERED** at Fort Myers, Florida, this   21st   day of June, 2005.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record