UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

J. RAE HOYER,

             Plaintiff,

vs.                                Case No. 2:04-cv-211-FtM-29SPC

DON HUNTER,

             Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for New Trial (Doc. #77) filed on May 31, 2005. Plaintiff filed its Response in Opposition to Defendant's Motion for New Trial (Doc. #88) on June 29, 2005.

Plaintiff brought a negligence claim against defendant Don Hunter, as Sheriff of Collier County, arising out of the death of psychologist Dr. David J. Hoyer. Dr. Hoyer entered Collier County Jail in his professional capacity to interview and assess an inmate, who proceeded to strangle Dr. Hoyer, causing his death. After a five-day jury trial, a jury returned a verdict in plaintiff's favor and a judgment was entered in in the sum of $1,325,130.00. Defendant now seeks a new trial.

Under Fed. R. Civ. P. 59, the Court may grant a new trial "for any of the reasons for which new trials have heretofore been granted[.]" Fed. R. Civ. P. 59(a); George v. GTE Directories Corp., 195 F.R.D. 696, 701 (M.D. Fla. 2000). The reasons courts

have granted new trials include "substantial errors in the admission or rejection of evidence[.]" Doe v. Celebrity Cruises, Inc., 287 F. Supp. 2d 1321, 1329 (S.D. Fla. 2003); see also Azevedo v. Housing Auth. of City of Sarasota, 147 F.R.D. 255, 257 (M.D. Fla. 1993). A motion for a new trial should not, however, be used merely to relitigate old issues already decided. Ramos v. Boehringer Manheim Corp., 896 F. Supp. 1213, 1214 (S.D. Fla. 1994).

Defendant argues that the Court erred in allowing certain testimony of plaintiff's jail architect and corrections expert, Randall Atlas ("Atlas"). Defendant raises the following claims regarding Atlas's testimony in his motion for a new trial:

1. The Court erred in allowing testimony regarding mis-classification of an inmate;

2. The Court erred in allowing testimony about the configuration of the facility; and

3. The Court erred in allowing testimony concerning violation of agency policy.

Plaintiff responds that (1) any alleged error in admitting the evidence was cured by the court's limiting instruction to the jury (Doc. #88, p. 3); (2) the disputed evidence was admissible; and (3) the case at bar is analogous to Estate of Miller v. Ford Motor Co., 2004 WL 3079323 (M.D. Fla. 2004) and denial of defendant's request for a new trial is warranted.

The Court has carefully considered the motion, and concludes that it should be denied. Defendant's arguments consist of restatements of substantive arguments made during trial (see e.g.,

Doc. #82, Doc. #88, Ex. A).  "The admissibility of evidence is committed to the broad discretion of the district court. . ." Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1554 (11th Cir. 1995); see also Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1159 (11th Cir. 2004), citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1326 (11th Cir. 2000).  A trial court's evidentiary rulings, including its rulings on the admissibility of expert testimony, is reviewed for abuse of discretion. Estate of Tessier v. Sheriff of Monroe County Florida, 402 F.3d 1092, 1103 (11th Cir. 2005).  The Court considered these issues during the course of the litigation and at trial and, having now reviewed the motion for a new trial, is satisfied that its rulings were either not an abuse of discretion or were adequately cured by proper jury instructions.  Thus, the Court concludes that plaintiff is not entitled to a new trial, and the motion will be denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for New Trial and Memorandum of Law in Support (Doc. #158) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of July, 2005.

JOHN E. STEELE
United States District Judge